Juventino **CHAVEZ–MONDRAGON**,
Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney
General, Respondent.

No. 12–70889.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 13, 2013.

Alejandro Garcia, Law Offices of Alejandro Garcia, Commerce, CA, for Petitioner.

Oil, David V. Bernal, Assistant Director, Liza Murcia, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Juventino Chavez–Mondragon, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision pretermitting Chavez–Mondragon's application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence continuous-residence determinations, *see Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004), and review de novo questions of law, *Cas-*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*tillo–Cruz v. Holder,* 581 F.3d 1154, 1159–60 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Chavez–Mondragon lacks the seven years of continuous residence after admission required for cancellation of removal because his second conviction for petty theft under California law constitutes a second crime involving moral turpitude that terminated his accrual of continuous residence before the seven years had elapsed. *See* 8 U.S.C. § 1229b(a)(2), (d)(1)(B); *see also Castillo–Cruz,* 581 F.3d at 1160 (recognizing petty theft under California law as a categorical crime involving moral turpitude). The petty-offense exception to inadmissibility is unavailable to excuse Chavez–Mondragon's multiple convictions for petty theft. *See Castillo–Cruz,* 581 F.3d at 1162 (observing that the petty-offense exception at 8 U.S.C. § 1182(a)(2)(A)(ii) is available only if the alien "has committed only one" crime involving moral turpitude).

Because Chavez–Mondragon's convictions rendered him statutorily ineligible for cancellation of removal, the agency did not need to consider whether his removal would cause exceptional and extremely unusual hardship to his qualifying relatives. *See INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.